## IN THE IOWA DISTRICT COURT FOR DALLAS COUNTY

| | |
|---|---|
| **JANET COCHRAN,**  Plaintiff,  vs.  **GILCREST JEWETT LUMBER COMPANY LLC, JAKE MORAN** in his individual and professional capacities, and **JERI STOFFEL** in his individual and professional capacities.  Defendants. | **CASE NO.**  **PETITION and JURY DEMAND** |

**COMES NOW**, the Plaintiff, Janet Cochran, by the undersigned counsel, and for her causes of action states as follows:

### PARTIES

1. Plaintiff Janet Cochran (hereinafter Ms. Cochran) was at all times material hereto a citizen and resident of Polk County, Iowa.

2. Defendant Gilcrest Jewett Lumber Company LLC (hereinafter GJ Lumber) is a lumber company organized under the law and with its principal place of business in Waukee, Dallas County, Iowa, but engages in business throughout Iowa.

3. Defendant Jake Moran (hereinafter Moran) at all relevant times herein was employed by Defendant GJ Lumber as a Controller in Waukee and maintained a supervisory role over Ms. Cochran, was a harasser of Ms. Cochran, is believed to have taken part in the decision to terminate Ms. Cochran and is believed to be a resident of Grimes, Iowa.

4. Defendant Jeri Stoffel (hereinafter Stoffel) at all relevant times herein was employed by Defendant GJ Lumber within the Human Resources Department. Stoffel

**EXHIBIT A**

was a harasser of Ms. Cochran, is believed to have taken part in the decision to terminate Ms. Cochran and is believed to be a resident of Urbandale, Polk County, Iowa.

## JURISDICTION AND VENUE

5. Subject matter and personal jurisdiction of the District Court is proper pursuant to Iowa Code § 602.6101.

6. Venue is proper in the District Court for Dallas County, Iowa pursuant to Iowa Code § 616.14, Iowa Code § 616.17, and Iowa Code § 616.18.

## FACTS

7. Ms. Cochran suffers from Chronic Obstructive Pulmonary Disease (hereinafter COPD), asthma, and severe allergies.

8. On October 11, 2012, Defendant GJ Lumber hired Ms. Cochran as an accounts payable specialist.

9. Over the last two to three years, Ms. Cochran's disability has worsened causing her to miss occasional days of work.

10. Ms. Cochran filed for Family Medical Leave Act (hereinafter FMLA) leave on March 6, 2020.

11. Between June 17, 2019 and May 30, 2020, Ms. Cochran missed work for which she had a doctor's note six (6) times.

12. Under FMLA leave, Ms. Cochran was entitled to miss those days.

13. Prior to her termination, Ms. Cochran was informed by Stoffel her FMLA leave from the prior two days would not be accepted and that her conditions must be updated. This conversation occurred in a public place in front of other employees.

**EXHIBIT A**

14. Prior to her termination, Ms. Cochran received negative comments and statements relating to her time away from work and her disability. These negative comments and statements were made and done by Stoffel and Moran.

15. On or about June 1, 2020, after missing two days due to her disability, for which she provided proper documentation and notified Defendants of, she was terminated.

16. Ms. Cochran was terminated by Moran and Stoffel.

17. The Defendants were aware of Ms. Cochran's health conditions prior to her termination.

18. On August 6, 2020, within 300 days of the acts of which she complains, Ms. Cochran filed charges alleging employment discrimination on the basis of disability discrimination with the Iowa Civil Rights Commission against the Defendants.

19. On December 11, 2020, less than 90 days prior to the filing of this Petition, the Iowa Civil Rights Commission, pursuant to Iowa Code Chapter 216.16, issued Ms. Cochran a Letter of Right-to-Sue with respect to the charges alleging employment discrimination on the basis of disability discrimination and disability harassment.

### COUNT I
### VIOLATION OF IOWA CODE CHAPTER 216-DISABILITY DISCRIMINATION
### (Against All Defendants)

20. Plaintiff repleads paragraphs one (1) through nineteen (19) as if fully set forth herein.

21. Under the Iowa Civil Rights Act, it is unlawful for an employer to discriminate against an employee on the basis of a disability by terminating because of their disability,

**EXHIBIT A**

harassing the individual because of their disability and/or by engaging in disparate treatment of employees based upon a disability.

22. Ms. Cochran suffered an adverse employment action when she was subjected to severe and pervasive harassment and disparate treatment because of her diagnosed medical condition/disability – COPD, asthma and severe allergies and was terminated.

23. Defendants failed to provide reasonable accommodations for Ms. Cochran's diagnosed condition including failing to accept FMLA leave for she was entitled.

24. A causal connection exists between Ms. Cochran's disability and the discrimination she endured including the severe and pervasive harassment and disparate treatment culminating in an adverse employment action of termination.

25. As a result of the Defendants' illegal actions and omissions, Ms. Cochran has in the past and will in the future suffer injuries and damages, including but not limited to mental and emotional distress, fear, anguish, humiliation, intimidation, embarrassment, lost enjoyment of life, lost wages, benefits, future earnings, and other emoluments of employment.

**WHEREFORE,** Plaintiff Janet Cochran prays for the following relief:

(a) That the Court declare the conduct of Defendants Gilcrest Jewett Lumber Company, Moran, and Stoffel complained of herein to be in violation of the Plaintiff's rights as secured by the Iowa Civil Rights Act;

(b) That the Court permanently enjoin Defendants Gilcrest Jewett Lumber Company, Moran, and Stoffel and their owners, officers, management

**EXHIBIT A**

personnel, employees, agents, attorneys, successors and assigns and those acting in concert therewith from any conduct violating Plaintiff's rights as secured by the Iowa Civil Rights Act;

(c) That the Court award Plaintiff compensatory damages;

(d) That the Court award Plaintiff emotional distress damages;

(e) That the Court order Defendants Gilcrest Jewett Lumber Company, Moran, and Stoffel to make whole the Plaintiff by providing her appropriate past and future lost earnings and benefits with prejudgment interest, and other relief this Court deems appropriate;

(f) That the Court award Plaintiff attorneys' fees and costs incurred in prosecuting this action; and

(g) That the Court award Plaintiff such additional and further relief as it deems necessary and proper.

## COUNT II
## VIOLATION OF IOWA CODE CHAPTER 216- HARASSMENT
### (Against All Defendants)

26. Plaintiff repleads paragraphs one (1) through twenty-five (25) as if fully set forth herein.

27. Under the provisions of the Iowa Civil Rights Act, it is unlawful for an employer to discriminate against an employee on the basis of his or her disability, either by engaging in disparate treatment of employees based upon their disability or by creating a hostile workplace due to a person's disability.

**EXHIBIT A**

28. Defendants Stoffel and Moran, while working in their official capacities for GJ Lumber, participated in an ongoing pattern of a hostile workplace by directing unwanted comments regarding the Plaintiff's diagnosed medical condition and disability.

29. Additionally, Ms. Cochran's disability was discussed in front of other employees detailing its nature.

30. Ms. Cochran suffered was subjected to severe and pervasive harassment and disparate treatment because of her diagnosed medical condition/disability – COPD, asthma and severe allergies and was terminated.

31. A causal connection exists between Ms. Cochran's disability and the hostile workplace based upon her disability, disability discrimination she was subjected to and her termination.

32. As a result of the Defendants' illegal actions and omissions, Ms. Cochran has in the past and will in the future suffer injuries and damages, including but not limited to mental and emotional distress, fear, anguish, humiliation, intimidation, embarrassment, lost enjoyment of life, lost wages, benefits, future earnings, and other emoluments of employment.

**WHEREFORE,** Plaintiff Janet Cochran prays for the following relief:

(a) That the Court declare the conduct of Defendants Gilcrest Jewett Lumber Company, Moran, and Stoffel complained of herein to be in violation of the Plaintiff's rights as secured by the Iowa Civil Rights Act;

(b) That the Court permanently enjoin Defendants Gilcrest Jewett Lumber Company, Moran, and Stoffel and their owners, officers, management personnel, employees, agents, attorneys, successors and assigns and those

**EXHIBIT A**

acting in concert therewith from any conduct violating Plaintiff's rights as secured by the Iowa Civil Rights Act;

(c) That the Court award Plaintiff compensatory damages;

(d) That the Court award Plaintiff emotional distress damages;

(e) That the Court order Defendants Gilcrest Jewett Lumber Company, Moran, and Stoffel to make whole the Plaintiff by providing her appropriate past and future lost earnings and benefits with prejudgment interest, and other relief this Court deems appropriate;

(f) That the Court award Plaintiff attorneys' fees and costs incurred in prosecuting this action; and

(g) That the Court award Plaintiff such additional and further relief as it deems necessary and proper.

## COUNT III
## VIOLATION OF 29 U.S. CODE CHAPTER 28 -- FAMILY MEDICAL LEAVE ACT

33. Plaintiff repleads paragraphs one (1) through thirty-two (32) as if fully set forth herein.

34. FMLA entitles employees meeting certain criteria to be eligible for unpaid leave. While on leave and upon their return, an employee's health insurance shall remain in place. Additionally, an employee shall return to their job as if no leave or absence ever occurred.

35. Under 29 U.S. Code § 2612(a)(1), eligible employees are entitled to take twelve (12) workweeks of leave over the course of a twelve (12) month period for one or more of the following reasons:

**EXHIBIT A**

A. Because of the birth of a son or daughter of the employee and in order to care for such son or daughter;

B. Because of the placement of a son or daughter with the employee for adoption or foster care;

C. In order to care for the spouse, or a son, daughter, or parent, of the employee, if such spouse, son, daughter, or parent has a serious health condition;

D. Because of a serious health condition that makes the employee unable to perform the functions of the position of such employee;

E. Because of any qualifying exigency (as the Secretary shall, by regulation, determine) arising out of the fact that the spouse, or a son, daughter, or parent of the employee is on covered active duty (or has been notified of an impending call or order to covered active duty) in the Armed Forces; and

F. During the period beginning on the date the Emergency Family and Medical Leave Expansion Act takes effect, and ending on December 31, 2020, because of a qualifying need related to a public health emergency in accordance with section 2620 of this title.

36. Ms. Cochran has a serious medical condition/disability – COPD, asthma and severe allergies – for which she filed for FMLA accommodations in March of 2020.

37. Her serious medical condition permits her to receive the leave under 29 U.S.C. § 2612(a)(1)(D).

38. Due to the nature of her diagnosed medical condition, Ms. Cochran was permitted to take her leave intermittently under 29 U.S.C. § 2612(b)(1) and/or be given

**EXHIBIT A**

an alternative position with equivalent pay and benefits if it better accommodates her recurring needs. 29 U.S.C. § 2612(b)(2).

39. If is unlawful for any employer to interfere with the rights afforded to an employee under the FMLA.

40. Defendants did not accommodate her needs, nor provide Ms. Cochran with another position that would be provide her the same pay and benefits that would better accommodate her FMLA leave.

41. By terminating Ms. Cochran because of her FMLA leave, the Defendants violated the rights afforded to Ms. Cochran under FMLA.

42. A causal connection exists between Ms. Cochran's use of FMLA leave and her termination.

43. As a result of the Defendants' illegal actions and omissions violating FMLA, Ms. Cochran has in the past and will in the future suffer injuries and damages, including but not limited to mental and emotional distress, fear, anguish, humiliation, intimidation, embarrassment, lost enjoyment of life, lost wages, benefits, future earnings, and other emoluments of employment.

**WHEREFORE,** Plaintiff Janet Cochran prays for the following relief:

(a) That the Court declare the conduct of Defendants Gilcrest Jewett Lumber Company, Moran, and Stoffel complained of herein to be in violation of the Plaintiff's rights as secured by the Family Medical Leave Act;

(b) That the Court permanently enjoin Defendants Gilcrest Jewett Lumber Company, Moran, and Stoffel and their owners, officers, management personnel, employees, agents, attorneys, successors and assigns and those

**EXHIBIT A**

acting in concert therewith from any conduct violating Plaintiff's rights as secured by the Family Medical Leave Act;

(c) That the Court award Plaintiff compensatory damages;

(d) That the Court award Plaintiff emotional distress damages;

(e) That the Court order Defendants Gilcrest Jewett Lumber Company, Moran, and Stoffel to make whole the Plaintiff by providing her appropriate past and future lost earnings and benefits with prejudgment interest, and other relief this Court deems appropriate;

(f) That the Court award Plaintiff attorneys' fees and costs incurred in prosecuting this action; and

(g) That the Court award Plaintiff such additional and further relief as it deems necessary and proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury with regards to the above-titled matter.

**GRIBBLE, BOLES, STEWART & WITOSKY LAW**

BY: */s/ Charles Gribble*
Charles Gribble
BY: */s/ Christopher Stewart*
Christopher Stewart
2015 Grand Avenue, Suite 200
Des Moines, Iowa 50312
Telephone: (515) 235-0551
Fax: (515) 243-3696
Email: cstewart@gbswlaw.com
cgribble@gbswlaw.com
**ATTORNEYS FOR PLAINTIFF**

# EXHIBIT A